**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER WILKERSON, III, | No. 12-17599 |
| Plaintiff - Appellant, | D.C. No. 5:11-cv-01342-LHK |
| v. | |
| RANDY GROUNDS, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Walter Wilkerson, III, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

we affirm.

The district court properly granted summary judgment because, even assuming that the possible collapse of a prison bench was an objectively serious risk to inmate safety, Wilkerson failed to raise a genuine dispute of material fact as to whether defendants knew of and consciously disregarded such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (claim of deliberate indifference requires showing that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety"); *Toguchi*, 391 F.3d at 1057, 1060 (negligence is not sufficient to state a deliberate indifference claim).

We do not address Wilkerson's contentions regarding the doctrine of qualified immunity, which the district court relied upon as an alternative basis to grant summary judgment.

**AFFIRMED.**

12-17599